# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROY EUGENE LIVINGSTON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV416-129 |
| UNITED STATES OF AMERICA, | ) ) ) | CR494-030 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Movant Roy Livingston, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate the Armed Career Criminal Act (ACCA) enhancement applied to his 1994 sentence for possession of a firearm by a convicted felon. Doc. 57;[1] *see* docs. 1, 43. He seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize the 26-year enhanced sentence he received for possession of a firearm and ammunition as a career felon.

---

[1] The Court is citing to the criminal docket in CR494-030 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Doc. 57.

I. BACKGROUND

On May 16, 1994, Livingston pled guilty to one count of possession of a firearm by a convicted felon. *See* docs. 43 (change of plea); 44 (judgment, entered July 7, 1994). His Presentence Investigation Report (PSR) deemed him an armed career criminal, based on seven prior convictions for burglary. The Court ultimately sentenced him to 320 months' imprisonment, near the top of the applicable, 292-365 month Sentencing Guidelines range. PSR ¶¶ 17, 19, 36, 51. Judgment became final when the Eleventh Circuit affirmed the Court's sentence on July 17, 1995. *See United States v. Livingston*, 62 F.3d 401 (Table) (11th Cir. 1995).

Livingston filed the present § 2255 motion nearly twenty years later, arguing that under *Johnson* he no longer qualifies as an armed career criminal, and thus is serving a sentence beyond the applicable statutory maximum. Doc. 57 (filed June 1, 2016). He insists that his motion is timely because he placed it in his prison's legal mail system before *Johnson's* one-year anniversary. *Id.* at 12.

## II. ANALYSIS

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla, felon-in-possession convictions fetch a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that that "residual clause" violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions other than the residual clause. *See, e.g.*, *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its

3

definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

As the PSR[2] makes clear, Livingston's enhancement is based on "violent felonies" as the ACCA continues to define that term post-*Johnson*.[3] *See* PSR ¶¶ 22, 23, 30 (three convictions for burglary of a

---

[2] "In determining the nature of a defendant's prior convictions and whether to classify the defendant as an armed career criminal under the ACCA, the sentencing court may rely on *Shepard* [*v. United States*, 544 U.S. 13, 16 (2005)]-approved documents and any undisputed facts in the [PSR]." *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. June 15, 2016) (citing *United States v. McCloud*, 818 F.3d 591, 595, 599 (11th Cir. 2016)); *United States v. Wade*, 458 F.3d 1273, 1277-78 (11th Cir. 2006).

[3] This follows from the fact that movant was convicted under the portion of Georgia's divisible burglary statute, qualifying as "generic burglary" under the ACCA.

"[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). A conviction qualifies as an ACCA predicate only if the statutory elements are the same as, or narrower than, the generic offense. *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014); *see also McClouden v. United States*, 2016 WL 5109530 (11th Cir. Sept. 20, 2016) (noting that Georgia's broad burglary statute may no longer qualify as an ACCA predicate offense, following *Mathis v. United States*, 2016 WL 3434400 (U.S. June 23, 2016), but making no finding as to whether it can be analyzed under *Descamps* and found to be an ACCA predicate offense).

In *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), the Supreme Court ruled that if a statute is non-generic, differing from the elements listed above, a court must decide if that statute is divisible or indivisible to determine if the modified

home), ¶ 26 (one conviction for burglary of a motel room), ¶ 21, 24, 32 (three convictions for burglaries of a lounge, store, and restaurant). At least three of these -- burglaries of residences -- qualify as predicate offenses under the enumerated offenses clause, not the residual clause. *Fail*, 2016 WL 1658594 at * 3-4 (analyzing Georgia's burglary statute under *Descamps*, 133 S. Ct. at 2281, and concluding that residential

---

categorical approach can be used. *Howard*, 742 F.3d at 1346. A statute is "divisible" if it "sets out one or more elements of the offense in the alternative -- for example, stating that burglary involves entry into a building or an automobile." *Descamps*, 133 S. Ct. at 2281. If the statute is non-generic and indivisible, no conviction under it can be an ACCA predicate. *Howard*, 742 F.3d at 1346. An "indivisible" statute, however, contains "a single, indivisible set of elements." *Id*. at 2282. For example, an indivisible statue would criminalize "assault 'with a weapon,' instead of criminalizing assault 'with a gun, a knife, or an explosive.'" *Howard*, 742 F.3d at 1346.

At the time movant was convicted of his seven burglaries, Georgia law defined the offense of burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012). "This statute is non-generic because it encompasses unlawful entry into vehicles, railroad cars, watercraft, and aircraft" but "is also divisible, . . . because it sets out alternative ways to commit the crime, including the unauthorized entry into buildings, structures, vehicles, railroad cars, and watercraft." *Fail v. United States*, 2016 WL 1658594 at *3 (S.D. Ga. Mar. 23, 2016), *adopted*, 2016 WL 1688778 (S.D. Ga. Apr. 26, 2016); *see also Descamps*, 133 S. Ct. at 2281; *Redfern v. State*, 246 Ga. App. 572, 574 (2000) (stating government must prove defendant unlawfully entered a "building"). Conviction under the "generic" portion of the statute, therefore, qualifies as an ACCA predicate.

5

burglaries qualify as ACCA predicates under the enumerated clause); *Jones*, 2016 WL 4097786 at *2 (same). Because these three residential burglary convictions remain enumerated offenses triggering an ACCA enhancement, *see* 18 U.S.C. §§ 924(e)(1) & (2)(B), *Johnson* has no impact on the validity of movant's sentence.

It follows that Livingston cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (July 17, 1995) and ran out on July 17, 1996 (one year later). His motion is therefore also untimely.[4] Accordingly, the Government's motion to dismiss Livingston's § 2255 motion should be **GRANTED**.

Finally, Livingston asks that the Court appoint counsel "[d]ue to the likelihood of success in this action, and [the] illegal sentence he is now serving . . . [to] effectively ensure relief is granted without further delay." Doc. 62. The Rules Governing § 2255 Cases provide that

---

[4] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Movant invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

6

appointment of counsel is proper if an evidentiary hearing is needed or if certain discovery is required, provided that the movant qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). As reflected in the R&R, movant has demonstrated his ability to file appropriate pleadings seeking § 2255 relief and neither an evidentiary hearing nor discovery are necessary to resolve his case on the merits. *Jones v. United States*, 2016 WL 3476429, at *4 n. 5 (S.D. Ga. June 21, 2016), *adopted*, 2016 WL 4472973 (S.D. Ga. Aug. 24, 2016); *Bing v. United States*, 2015 WL 4092699 at * 3 (S.D. Ga. July 6, 2015), *adopted*, 2015 WL 675168 (S.D. Ga. Nov. 4, 2015). Movant's application for appointment of counsel, doc. 62, is therefore **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __4th__ day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA